IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br> as Broadcast Licensee of the May 23, 2009 <br> UFC 98: Evans v. Machida Event, <br><br> Plaintiff, <br><br> v. <br><br> 1) INITIATIVE PARTNERS, LLC, Individually <br> and d/b/a LOST SOCIETY and d/b/a THE <br> LOST SOCIETY; and <br> 2) FERNANDO ROSALES, Individually and <br> d/b/a LOST SOCIETY and d/b/a THE LOST <br> SOCIETY, <br><br> Defendants. | § § § § § § § § § § § § § § § § § <br><br> Civil Action No. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Joe Hand Promotions, Inc. ("Plaintiff") files *Plaintiff's Original Complaint* against Defendants 1) Initiative Partners, LLC, Individually and d/b/a Lost Society and d/b/a The Lost Society ("Initiative Partners, LLC" or "Defendant"); and 2) Fernando Rosales, Individually and d/b/a Lost Society and d/b/a The Lost Society ("Rosales" or "Defendant") (collectively "Defendants").

PARTIES

1.  <u>Plaintiff</u>.  Joe Hand Promotions, Inc., as Broadcast Licensee of the May 23, 2009 UFC 98: Rashad Evans v. Lyoto Machida Event, is a foreign corporation.  Plaintiff's business address is 407 East Pennsylvania Blvd., Feasterville, Pennsylvania 19053.

2.  <u>Defendant Initiative Partners, LLC.</u>  Initiative Partners, LLC is a Texas limited liability company doing business as Lost Society (the "Establishment") from its principal place of business located at 2008 Greenville Avenue, Dallas, TX 75206.  On the date of the Event (as defined herein), Defendant:

      A.      held license(s)/permit(s) issued by the Texas Alcoholic Beverage Commission for Establishment;

      B.      owned and/or operated the Establishment;

      C.      had a right and ability to supervise the activities of the Establishment; and

      D.      had an obvious and direct financial interest in the activities of the Establishment.

Defendant Initiative Partners, LLC may be served by delivering the *Summons* and a copy of *Plaintiff's Original Complaint* to Defendant's, registered agent for service of process, Fernando Rosales, at 2008 Greenville Avenue, Dallas, TX 75206; or 522 Coxville Lane, Dallas, TX 75253; or 2842 Faintail Drive, Mesquite, TX 75181.

3.    <u>Defendant Fernando Rosales</u>.  Fernando Rosales is an individual residing in the state of Texas.  On the date of the Event (as defined herein), Defendant:

      A.      was an owner and/or manager of the Establishment;

      B.      was an officer and/or owner of the entity owning the Establishment;

      C.      had a right and ability to supervise the activities of the Establishment; and

      D.      had an obvious and direct financial interest in the activities of the Establishment.

Defendant Rosales may be served by delivering the *Summons* and a copy of *Plaintiff's Original Complaint* to Defendant at 2008 Greenville Avenue, Dallas, TX 75206; or 522 Coxville Lane, Dallas, TX 75253; or 2842 Faintail Drive, Mesquite, TX 75181.

## STATEMENT OF JURISDICTION

4. This action arises under the Communications Act of 1934, as amended, 47 U.S.C. §§ 553 and 605 in Texas.

## VENUE

5. Venue is proper in this District because Defendants reside in this District.

## STATEMENT OF THE CLAIM

6. <u>Authorization to License Event</u>.  Plaintiff is the license company authorized to sub-license the closed-circuit telecast of the May 23, 2009 UFC 98: Rashad Evans v. Lyoto Machida, including undercard or preliminary bouts, including undercard or preliminary bouts (collectively the "Event") at closed-circuit locations such as theaters, arenas, bars, clubs, lounges, restaurants and the like throughout Texas.

7. The closed-circuit broadcast of the Event was not intended for the use of the general public.  In Texas, the closed-circuit broadcast of the Event could only be exhibited in a commercial establishment, if the establishment was contractually authorized to do so by Plaintiff.

8. Pursuant to its authority to sub-license the Event, Plaintiff marketed and distributed the closed-circuit rights granted to it.  Plaintiff, through its agents, contracted with various establishments throughout Texas and granted such establishments the right to broadcast the Event in exchange for a fee.

9. <u>Exhibition of the Event</u>.  The transmission of the Event was electronically coded or "scrambled."  In order for the signal to be received and telecast clearly, it had to be decoded with electronic decoding equipment.

10. The transmission of the Event was available to Defendants to purchase for broadcast in the Establishment.  Had Defendants chosen to purchase the Event, Defendants would have been

PLAINTIFF'S ORIGINAL COMPLAINT                                                                                                   PAGE 3
n:/802400/pdg/Complaint-Orig

authorized to receive, transmit and publish the Event in the Establishment.  Defendants did not, however, contract with Plaintiff or any of its agents, to obtain the rights to broadcast the Event.

11. The establishments which contracted with Plaintiff to broadcast the Event were provided with the electronic decoding capability and/or satellite coordinates necessary to receive the signal of the Event.

12. On May 23, 2009, Defendants willfully intercepted and/or received the interstate communication of the Event.  In the alternative, Defendants assisted in the receipt of the interstate communication of the Event.  Defendants then transmitted, divulged and published said communication, or assisted in transmitting, divulging and publishing said communication, to patrons within the Establishment.

13. Defendants misappropriated Plaintiff's licensed exhibition of the Event and infringed upon Plaintiff's exclusive rights while avoiding proper payment to Plaintiff.  Defendants' actions were committed willfully and with the express purpose and intent to secure a commercial advantage and private financial gain.

14. Defendants enabled the patrons within the Establishment to view the Event to which neither Defendants nor the Establishment's patrons were entitled to do.

15. The persons whom Defendants permitted to view the Event would otherwise have been able to view it at a commercial establishment only if said commercial establishment was properly licensed and authorized by Plaintiff.

16. Defendants were not authorized to intercept, receive or transmit the communication of the Event or to assist in such actions in any form or at any time.

COUNT I

<u>VIOLATION OF 47 U.S.C. § 553</u>

17. Defendants' wrongful actions in connection with the Event, as described above, violate 47 U.S.C. Section 553.

## COUNT II

### VIOLATION OF 47 U.S.C. § 605

18. Defendants' wrongful actions in connection with the Event, as described above, violate 47 U.S.C. Section 605.

### DEMAND FOR RELIEF SOUGHT

Plaintiff demands that the Court sign and cause to be entered a judgment in favor of Plaintiff and against Defendants 1) Initiative Partners, LLC, Individually and d/b/a Lost Society and d/b/a The Lost Society; and 2) Fernando Rosales, Individually and d/b/a Lost Society and d/b/a The Lost Society, jointly and severally, for:

(a) Statutory damages in an amount up to Ten Thousand Dollars ($10,000.00) pursuant to 47 U.S.C. § 553(c)(3)(A)(ii);

(b) Statutory damages for willfulness in an amount up to Fifty Thousand Dollars ($50,000.00), pursuant to 47 U.S.C. § 553(c)(3)(B);

(c) Statutory damages in an amount up to Ten Thousand Dollars ($10,000.00) pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II);

(d) Statutory damages in an amount up to One Hundred Thousand Dollars ($100,000.00) pursuant to 47 U.S.C. § 605(e)(3)(C)(ii);

(e) Permanent Injunction enjoining any future exhibition of unauthorized or unlicensed programs and any violation of 47 U.S.C. §§ 553 or 605;

(f) Full costs and expenses of this action, including reasonable attorney's fees, pursuant to 47 U.S.C. §§ 553(c)(2)(C) and 605(e)(3)(B)(iii);

(g) Pre and post-judgment interest at the highest rate permitted by law; and

(h) Such other and further relief to which Plaintiff is entitled.

Respectfully submitted,

By: 
       Andrew R. Korn
       State Bar No. 11683150
       akorn@kbdtexas.com
       Attorney-in-charge
       David M. Diaz
       State Bar No. 24012528
       ddiaz@kbdtexas.com

KORN, BOWDICH & DIAZ, L.L.P.
4221 Avondale Ave.
Dallas, Texas 75219
(214) 521-8800 – Telephone
(214) 521-8821 – Telecopy
www.kbdtexas.com

ATTORNEYS FOR PLAINTIFF
JOE HAND PROMOTIONS, INC.